**SO ORDERED.**

**SIGNED this 24 day of January, 2011.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Not designated for on-line or print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>JAMES RANDALL ARMSTRONG,<br><br>          DEBTOR. | CASE NO.  08-21790<br>CHAPTER 7 |
| In Re:<br><br>GAREN WAYNE ARMSTRONG,<br><br>          DEBTOR. | CASE NO.  08-22912<br>CHAPTER 7 |
| KING ADVERTISING MARKETING &<br>MEDIA, LLC<br>          PLAINTIFF,<br><br>v.<br><br>JAMES RANDALL ARMSTRONG and<br>GAREN WAYNE ARMSTRONG,<br><br>          DEFENDANTS. | ADV. NO. 08-06099 (lead case)<br>ADV.  NO.  08-06148 |

# MEMORANDUM OPINION AND ORDER
# DENYING MOTION FOR SUMMARY JUDGMENT AS TO
# DEFENDANT GAREN WAYNE ARMSTRONG

This consolidated adversary proceeding is an objection to discharge under 11 U.S.C. § 523(a)(2)(A) for a prepetition judgment entered in state court in favor of Plaintiff King Advertising Marketing & Media, LLC (hereafter "King") against Defendants Garen Wayne Armstrong and James Randall Armstrong. The matter under advisement is the Plaintiff's Motion for Summary Judgment as to Defendant Garen Wayne Armstrong (hereafter "Garen"). King asserts that it is entitled to judgment based upon the preclusive effect of the state court judgment. The Court has jurisdiction.[1]

The Court has carefully reviewed the motion for summary judgment, Garen's reply, King's response,[2] and the exhibits to each pleading. For the reasons stated below, the Court finds that the state court judgment is not sufficient to establish nondischargeability.

**UNCONTROVERTED FACTS.**

Plaintiff King was a full service advertising and marketing agency. From October 2006 through August 2007, King provided services to KC Mortgage Group, Inc.,

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

[2] King's Motion for Leave to File Reply in Support of Motion for Summary Judgment Out of Time (Doc. 48) was not opposed by Garen and has been granted.

formerly known as Armstrong Capital, Inc.  In its transactions with KC Mortgage, King's representative dealt with Garen, an officer of KC Mortgage.  After termination of the relationship, King was owed $64,772 for services rendered to KC Mortgage.  King brought suit for breach of contract, fraudulent inducement, breach of implied covenant of good faith and fair dealing, and negligent misrepresentation in Johnson County District Court, Case no. 07 CV 08163, on October 16, 2007, against KC Mortgage, James Armstrong, and Garen Armstrong.  A jury trial was requested.

Garen was initially represented by counsel, but withdrawal was sought and granted after minimal discovery.  After withdrawal of Garen's counsel, trial to the court was scheduled.  Garen did not receive notice of the hearing.  None of the defendants appeared for trial.  Based upon brief testimony on behalf of the plaintiff,[3] judgment was entered against Garen, and the other defendants, on July 10, 2010 for $64,722 liquidated damages, plus over approximately $53,785 in other damages, costs, and interest.  The Journal Entry of Judgment (hereinafter "Judgment") is included in the record[4] and incorporated herein by reference.  Although the defendants' motion to set aside the judgment was granted as to James Armstrong for lack of personal jurisdiction, it was denied as to Garen Armstrong.

---

[3] Doc. 33-6 (Exh. F to King's motion).

[4] Doc. 33-7 (Exh. G to King's motion).

**ANALYSIS.**

To establish that a claim is nondischargeable under § 523(a)(2)(A), the creditor must prove by a preponderance of the evidence that (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive the creditor; (3) the creditor relied on the representation; (4) the creditor's reliance was reasonable; and (5) the debtor's representation caused the creditor to sustain a loss.[5] Statements respecting a debtor's or an insider's financial condition are expressly excluded from § 523(a)(2)(A). King's motion for summary judgment relies exclusively upon the Judgment to establish the foregoing elements. If, as argued by King issue preclusion applies, a premise which is vigorously and convincingly challenged by Garen, the doctrine may be utilized only to preclude litigation in the dischargeability litigation of those elements of the [previously litigated] claim that are identical to the elements required for discharge.[6]

The Court finds that the Judgment does not include findings of all of the elements required for nondischargeability under § 523(a)(2)(A). The substance of the findings of fact in the Judgment is that King continued to provide services to KC Mortgage based upon assurances that it would be paid, payment was not made, and, under an alter ego theory, Garen and James Armstrong are personally liable for damages arising from

---

[5] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

[6] *See Grogan v. Garner*, 498 U.S. 279, 285 (1991).

4

King's relationship with KC Mortgage. The only portions of the findings of fact in the Judgment addressing representations or fraud when dealing with King are the following:

> 9. Throughout the relationship between the parties between October 2006 and August 2007, Defendant KC Mortgage, by and through its duly-authorized representatives, agents, employees, and servants, and Garen Armstrong and James Armstrong, individually, continued to request Plaintiff King Advertising to provide it with additional advertising, marketing, and other services, as set forth above, and continued to represent to Plaintiff King Advertising payment for said services would be paid in a timely manner.
>
> 16. Pursuant to the above-described contractual relationship between Plaintiff King Advertising and Defendants, Defendants and each of them, made negligent, reckless and fraudulent representations to Plaintiff King Advertising that King Advertising would be paid by Defendants for advertising, marketing, and other services rendered to Defendants if King Advertising continued to render said services to Defendants.
>
> 17. Defendants, and each of them, made and agreed to these negligent, reckless, and fraudulent representations to induce Plaintiff King Advertising to continue rendering services and perform, on behalf of Defendants, as described herein.
>
> 18. In furtherance of this negligent, reckless, and fraudulent inducement, Defendants, and each of them, made numerous representations to Plaintiff King Advertising that they were planning to fulfill their obligations to pay King Advertising for the services rendered to Defendants pursuant to the contractual relationship.
>
> 20. The agreement by Defendants, and each of them, to make said payments to Plaintiff King Advertising for services rendered was negligent, reckless, and fraudulent.
>
> 21. Defendants, and each of them, did not act with honesty in fact when they failed to pay Plaintiff King

> Advertising for the services King Advertising rendered to
> Defendants.

These findings do not identify what was said, by whom it was said, when it was said, or to whom it was said. There is no distinction between the defendants.

The first element of an objection to discharge under § 523(a)(2)(A), that the debtor made false representations, is not satisfied by the findings of fact in the Judgment. What representations were made are not specified. There is no basis to exclude the possibility that the representations were about KC Mortgage's or Garen's financial condition, which cannot be the basis for nondischargeability under § 523(a)(2)(A). The person who made the representations is not identified. The representations are identified as simultaneously "negligent, reckless, and fraudulent," even though there are vast differences between these legal standards. The Judgment is not sufficient for this Court to find that Garen made a false representation to King within the meaning of § 523(a)(2)(A).

The second element, that Debtor intended to deceive King, also is not satisfied. The closest the Findings of Fact comes to address intent is the finding that the three defendants "did not act with honesty in fact when they failed to pay King." But this finding does not address intent or even honesty at the time of the alleged misrepresentation. Rather, it addresses later conduct, when the bill was not paid.

Assuming, without making such a finding, that this Court, as suggested by King, should also consider the findings made by the Johnson District County Court on the record following the testimony, the first and second elements of objection to discharge

under § 523(a)(2)(A) remain unsatisfied.  The district court found, "plaintiff engaged in a contract with the defendant corporate entity, that it appears the corporate entity did not have an intention to perform, although it did partially perform with some partial payments but continued through its agents to string the plaintiff along and, in effect, misled the plaintiff in regard to the ability or intention of the corporate entity to pay."  This finding in no way establishes with the specificity required for denial of discharge that Garen made false representations to King with intent to deceive.

Since neither the Judgment nor the Johnson County District Court's findings on the record contain all of the elements required for denial of discharge, King's motion for summary judgment is denied.  Garen's additional arguments in defense will not be considered since the foregoing is a sufficient basis for denial of the motion.

**IT IS SO ORDERED.**

###